IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AT&T CORP., <br><br> **Plaintiff,** <br> v. <br> ENHANCED COMMUNICATIONS GROUP, LLC, <br><br> **Defendant.** | Case No. 21-cv-00314-JFH-JFJ |

## OPINION AND ORDER

This matter is before the Court on the Unopposed Motion to Withdraw filed by Marcus N. Ratcliff and Troy J. McPherson and the firm Latham, Steele, Lehman, Keele, Ratcliff, Freije & Carter, P.C. ("Movants"), who are counsel of record for Defendant Enhanced Communications Group, LLC ("ECG"). Dkt. No. 40. Movants represent that "fundamental differences have arisen" such that the attorney-client relationship between them and ECG is "irretrievably damaged."

In this district, an attorney of record shall not withdraw from a case except upon reasonable notice to the client and all other parties who have appeared in the case and by leave of the judge to whom the case is assigned. LGnR4-4. "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court." *Sanders v. Sw. Bell Tel., L.P.*, No. 03-CV-0452-CVE-FHM, 2009 WL 1765981, at *2 (N.D. Okla. June 16, 2009) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir.1982). "Generally, district courts consider whether the case will be disrupted by the withdrawal of counsel; however, there are some situations in which an attorney will be permitted to withdraw even if it results in disruption." *Sanders*, No. 03-CV-0452-CVE-FHM, 2009 WL 1765981, at *2; *see Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999); *see, e.g., Washington*, 694 F.2d at 1088 (holding that

the district court did not abuse its discretion in granting counsel's motion to withdraw where communication had deteriorated between attorney and client).

Movants indicate that they have advised ECG of their intention to move for withdrawal and of the need for ECG to obtain new counsel. Dkt. No. 40 at 1-2. Movants also indicate that they have conferred with counsel for Plaintiff AT&T Corp., who does not oppose the motion. *Id.* at 1. Having reviewed the motion, the Court finds a sufficient basis for Movants' withdrawal from the case. However, ECG is a limited liability company who may not proceed pro se. *See* LCvR 17-1; *see also Am. Contractors Indem. v. Boeding*, 490 F. App'x. 141, 145 (10th Cir. 2012) (holding that a limited liability company could not be represented by a non-attorney on appeal); *Roscoe v. United States*, 134 F. App'x 226, 227 (10th Cir. 2005) (dismissing the limited liability company as a pro se plaintiff); *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (citing cases); *Eberth v. Corey Galyean Trucking, LLC*, No. 12-2289, 2013 WL 5255636, at *3 (D. Kan. Sept. 17, 2013) (holding that a non-attorney could not represent a limited liability company).

IT IS THEREFORE ORDERED that:

(1) the Unopposed Motion to Withdraw [Dkt. No. 40] is GRANTED, and Marcus N. Ratcliff and Troy J. McPherson and the firm Latham, Steele, Lehman, Keele, Ratcliff, Freije & Carter, P.C. are terminated as counsel of record for ECG; subject to the condition that papers may continue to be served upon them for forwarding to ECG until such time as ECG appears through new counsel;

(2) ECG is directed to engage replacement counsel to file an entry of appearance no later than July 29, 2022. If ECG fails to obtain counsel to represent it in this action by the set date, default judgment may be entered against it.

(3) Marcus N. Ratcliff and Troy J. McPherson and the firm Latham, Steele, Lehman, Keele, Ratcliff, Freije & Carter, P.C. are directed to promptly serve this Order on ECG and to file a certificate of service.

Dated this 29th day of June 2022.

                                                JOHN F. HEIL, III
                                                UNITED STATES DISTRICT JUDGE