IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AT&T CORP., <br><br> **Plaintiff,** <br><br> v. <br><br> ENHANCED COMMUNICATIONS GROUP, LLC, <br><br> **Defendant.** | Case No. 21-CV-314-JFH-JHJ |

**OPINION AND ORDER**

Before the Court is a Motion for Leave to File an Amended Counterclaim [Dkt. No. 118] ("Motion") filed by Defendant/Counterclaim Plaintiff Enhanced Communications Group, LLC ("Defendant"). The Court has reviewed the Motion, the Response Brief filed by Plaintiff/Counterclaim Defendant AT&T Corp. ("Plaintiff") [Dkt. No. 128], and Defendant's Reply in support of the Motion [Dkt. No. 133]. For the reasons discussed below, Defendant's Motion for Leave to File an Amended Counterclaim [Dkt. No. 118] is DENIED.

**I.   BACKGROUND**

Plaintiff initiated this breach of contract action against Defendant on August 3, 2021. Dkt. No. 2. Defendant, through its attorneys Marcus Ratcliff and Troy McPherson of the firm Latham, Steele, Lehman, Keele, Ratcliff, Freije & Carter, P.C. ("Latham"), filed its original Answer on August 26, 2021. Dkt. No. 14. That same day, Defendant filed a Counterclaim alleging that it was Plaintiff, rather than Defendant, who had failed to fully perform its contractual obligations. Dkt. No. 15.

A Scheduling Order entered in October of 2021 instructed the parties that any motions to amend their respective pleadings must be filed on or before November 22, 2021. Dkt. No. 22.

Neither party sought to amend their pleadings by the stated deadline. In the months that followed, the parties twice asked the Court to amend the Scheduling Order, representing that discovery was ongoing and further discovery would be necessary before the parties could take meaningful depositions. Dkt. Nos. 32, 38. Both the First and Second Amended Scheduling Orders indicated that the deadline to amend pleadings had already passed. Dkt. Nos. 33, 39.

Soon after the Second Amended Scheduling Order was entered, Latham filed an unopposed Motion to Withdraw as counsel for Defendant. Dkt. No. 40. The motion was granted, and Defendant's current attorneys entered their appearances on October 20, 2022. Dkt. Nos. 46, 47, 48. Soon afterward, Defendant filed an Unopposed Motion for a Continuance of the Settlement Conference set for December 8, 2022 [Dkt. No. 49], as well as an opposed Motion to Amend the Second Amended Scheduling Order, which requested an additional 120 days for the completion of discovery [Dkt. No. 50].[1] Defendant represented that the extensions were necessary due to both outstanding discovery matters and its retention of new counsel. Dkt. No. 49 at 2; Dkt. No. 50 at 2-3. Although the Court did not grant Defendant a full 120-day extension, it did reset the discovery cutoff from December 5, 2022 to March 13, 2023. Dkt. No. 76.

Just prior to the March discovery cutoff, the parties jointly sought to amend the scheduling order to accommodate a trial and to allow for the completion of discovery, including depositions of corporate representatives. Dkt. No. 82. The motion was granted, and a Fourth Amended Scheduling Order was entered. Dkt. No. 83. One month later, the parties requested further extensions to permit the parties to complete discovery and conduct depositions of corporate representatives. Dkt. No. 103. The motion was granted, and a Fifth Amended Scheduling Order

---

[1] Pursuant to the Court's Form Joint Status Report, parties are typically afforded four months, or approximately 120 days, to conduct discovery unless the period is extended by the Court for good cause. *See* CV-03dj (8/2023).

2

set the close of discovery for July 10, 2023.  Dkt. No. 104.  Both the Fourth and the Fifth Amended Scheduling Orders indicated that the deadline to amend pleadings had passed.  Dkt. Nos. 82, 83, 103, 104.

On July 10, 2023, the day discovery was set to close under the Fifth Amended Scheduling Order[2] and more than eight months after Defendant's replacement counsel entered their appearances, Defendant filed a Motion to Amend its Counterclaim ("Motion").  Dkt. No. 118.  Defendant seeks to assert a claim of tortious breach of the implied contractual duty of good faith and fair dealing.  Dkt. No. 118-1 at 8-9.  Paragraphs 1 through 35 of the proposed Amended Counterclaim are substantially similar to paragraphs 1 through 28 of the original Counterclaim.  *Compare* Dkt. No. 15 at 1-8 *with* Dkt. No. 118-1 at 1-8.  The allegations specific to the new tort claim, set forth in paragraphs 36 through 42 of the proposed Amended Counterclaim, include claims that (a) a special relationship existed between Defendant and Plaintiff due to the parties' unequal bargaining power and Plaintiff's ability to exploit Defendant's relative vulnerabilities; (b) Plaintiff failed in its obligation to resolve billing disputes prior to initiating litigation; (c) Plaintiff intentionally and/or knowingly interfered with Defendant's contracts and business relationships; (d) Plaintiff misrepresented its intention to engage in reconciliation of the parties' disputes in order to induce Defendant to continue negotiations with Plaintiff regarding a new service plan; and (e) Plaintiff engaged in unspecified acts to damage Defendant's goodwill and reputation and to evade its contractual obligations.  Dkt. No. 118-1 at 8-9.  These allegations are not present in the original Counterclaim.  *See* Dkt. No. 15.

---

[2] After Defendant filed its Motion to Amend, Plaintiff filed an Opposed Motion to Stay Unexpired Scheduling Order Deadlines pending resolution of Plaintiff's Motion for Summary Judgment. Dkt. No. 125.  The Court granted that motion in part by striking the Fifth Amended Scheduling Order.  Dkt. No. 127.

Plaintiff opposes Defendant's Motion to Amend its Counterclaim. According to Plaintiff, the Motion comes too late in the proceedings; there is no basis for Defendant's failure to bring the amendment at an earlier juncture; the amendment, if allowed, would prejudice Plaintiff by necessitating additional discovery; and the amendment proposes a non-viable claim that should be denied as futile. Defendant, in response, argues that its delay was reasonable given the change in Defendant's counsel and the state of discovery, and that the proposed amendment will not prejudice Plaintiff or disrupt the proceedings because the new claims arise out of the same facts as the original counterclaims. For the reasons set forth below, the Court concludes that the Motion should be denied.

## II.   ANALYSIS

The question of whether to grant a motion for leave to amend a pleading outside of the permissive period is governed by Rule 15 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15; *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). When determining whether an amendment should be permitted, Courts consider the following factors, among others: (1) the extent of the delay; (2) the grounds for the failure to bring the amendment at an earlier juncture; (3) the intent of the party bringing the amendment; (4) a party's failure to cure defects in the pleading by earlier amendments; (5) the prejudice that would result from the amendment, if any; and (6) whether the amendment would be futile. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In this case, the length of the delay is significant. Discovery has been ongoing for over two years,[3] and the deadline for amending pleadings passed without objection in November of 2021. Although Defendant did change counsel midway through this litigation, their current attorneys had been engaged in this case and active in discovery for over eight months—double the standard discovery period—when they filed the Motion to Amend. *See* Dkt. Nos. 46, 47, 48 (October 20, 2022 entries of appearance); Dkt. No. 50 at 4 (describing discovery by prior counsel as "incomplete" in November 2022). *See also* Civil Form CV-03dj (8/2023). Whether considered in reference to the filing date of the original Counterclaim or the date on which Defendant's replacement counsel entered their appearances, Defendant's Motion can only be described as significantly delayed.

As the Tenth Circuit has recognized, even a long delay will not necessarily justify dismissal. *See Minter*, 451 F.3d at 1205-06; *R.E.B., Inc. v. Ralston Purina Co.,* 525 F.2d 749, 751 (10th Cir. 1975).[4] A court should consider the moving party's reasons for the delay when considering whether to grant leave to amend. *Minter*, 451 F.3d at 1206. It is the moving party's burden to "provide an adequate explanation for not moving to amend" at an earlier point in the litigation. *See Birmingham v. Experian Info. Sols., Inc.*, 633 F.3d 1006, 1021 (10th Cir. 2011). Denial of leave is proper where, inter alia, the moving party has no adequate explanation for the delay, *id.*, or "was aware of the facts on which the amendment was based for some time prior to

---

[3] *See* Dkt. No. 32 at 1 (acknowledging the parties "have begun to engage in written discovery and have had an opportunity to respond to written discovery requests").

[4] *But see Woolsey*, 934 F.2d at 1462 (stating that, "[b]ecause the motion was untimely, the court acted within its discretion in denying the motion"); *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (stating that "[u]ntimeliness alone may be a sufficient basis for denial of leave to amend").

the filing of the motion to amend." *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir.1987).

Defendant has failed to provide an adequate justification for its delay in seeking the amendment. In its opening brief, Defendant states that its replacement counsel identified additional legal claims that may be asserted against Plaintiff, and that these claims "arise out of the same set of core facts" as the original Counterclaim. Dkt. No. 118 at 2-3. Defendant does not argue at the outset that it could not have sought the requested amendment at an earlier juncture. *Id.* Defendant *does* suggest as much in its Reply Brief,[5] but it provides little in the way of details establishing that the delay was justified. Although Defendant suggests that the proposed amendments are the product of statements made during depositions held in mid-2023, it does not identify the specific facts discovered, it does not explain how those recently discovered facts relate to the proposed amendments, and it does not state that those facts were previously unknown by, unavailable to, or inconsistent with prior discovery provided to Defendant. Dkt. No. 133 at 1-2. *Cf. Minter*, 451 F.3d at 1207 (allowing the plaintiff to shift legal theories where an expert report submitted after the close of discovery led the defendant to "reverse[ ] its position" regarding the state of the product when it left the manufacturer's possession). Amendment is not warranted absent such an explanation. *Birmingham*, 633 F.3d at 1021 (finding no basis for permitting amendment where the moving party "failed to provide an adequate explanation for not moving to amend" during a nine-month period, and stating that, even if the party "might have learned something . . . that would have enabled him to 'improve' an amended complaint . . . he ha[d] not explained why that would justify delaying the amendment").

---

[5] *See* Dkt. No. 133 at 1-2.

6

The fact that Defendant has retained new legal counsel does not justify Defendant's delay in seeking this amendment. This Court has previously rejected the argument that the appearance of new counsel justifies the filing of untimely pleadings. *Aircraft Fueling Sys., Inc. v. Sw. Airlines Co.*, No. 08-CV-414-GKF-FHM, 2011 WL 3421518, at *1-2 (N.D. Okla. Aug. 4, 2011). Where, as here, the new allegations arise out of the same core facts as the original pleading, a party's failure to bring those allegations at an earlier stage cannot be justified by a change in legal representation. *Id.* (recognizing that the appearance of new counsel does not "constitute good cause for the filing of untimely pleadings," and finding no basis for delay where the "additional claims ar[o]se out of the same set of core facts" as the original claims (citations omitted)).

Although the Court need not examine the amended pleading for evidence of timeliness, the proposed amendments to Defendant's Counterclaim belie the argument that the amended pleading could not have been brought before July 2023. The new allegations primarily concern Plaintiff's superior bargaining position, Defendant's relative vulnerability, Plaintiff's alleged failure to resolve billing disputes prior to litigation, Plaintiff's interference with Defendant's business relationships, and other unspecified conduct and actions. Dkt. No. 118-1 at 9. These facts should have been known to Defendant well before July of 2023. *Llacua v. W. Range Ass'n*, 930 F.3d 1161, 1189-90 (10th Cir. 2019) (affirming denial of leave to amend where the "information set out in the [amended pleading] was known or reasonably should have been known . . . at the time the [prior pleading] was filed"). To the extent the allegations concern Plaintiff's intent, those allegations could have been asserted generally at the outset. *See* Federal Rule of Civil Procedure 9(b). *E.g., Safeway Inc. v. Duro-Last, Inc.*, No. 10-CV-01451-MSK-KMT, 2010 WL 5349860, at *2 (D. Colo. Dec. 21, 2010) (rejecting argument that the plaintiff had provided no factual support

for allegations regarding the defendant's intent where the plaintiff was "clearly permitted to allege [intent] generally").

Defendant's explanation for its delay—its determination that, "based on the evidence and factual history of this case, additional legal claims for relief exist against . . . [Plaintiff]"[6]—is strikingly similar to the rationale raised and rejected in *Woolsey v. Marion Laboratories*. In that case, the moving party sought amendment because, "in researching another matter [he] ha[d] identified an additional cause of action under ERISA." 934 F.2d at 1462 (citation and internal quotation marks omitted, alterations in original). The Court of Appeals concluded that this was "no explanation for the delay," and affirmed the district court's denial of the proposed amendment. *Id.* In this case, as in *Woolsey*, the Motion to Amend is out-of-time, and there are no facts that justify the delay in bringing the amendment. Thus, both the extent of the delay and the absence of any justification for the delay warrant the denial of Defendant's Motion. *See id.* (holding that, "[g]iven the untimely filing of the motion and the lack of new information justifying the delay in adding a new claim, we find that the district court acted within its discretion in denying Woolsey's motion to amend").

The prejudice that would result from the proposed amendment also justifies the denial of Defendant's Motion. The discovery period closed on the day Defendant's Motion was filed. Dkt. No. 104.[7] Defendant appears to concede that some additional discovery will be necessary with

---

[6] Dkt. No. 118 at 2.

[7] Although the Court did strike the Fifth Amended Scheduling Order after Defendant filed its Motion [Dkt. No. 127], the Court's Order was not entered until after the deadline for discovery had passed. The parties have agreed to conduct certain depositions outside of the stated discovery period, but neither party has filed a motion asking the Court to re-open discovery. *See* Dkt. No. 125 (indicating that both parties agreed to stay all listed deadlines, except for the deadline to submit a pretrial order and hold a pretrial conference).

8

respect to the newly proposed claims. *See* Dkt. No. 118 at 2-3, 5; Dkt. No. 133 at 3. Thus, granting Defendant's Motion would subject Plaintiff to the burden additional discovery after the close of the discovery period and after Plaintiff filed its Motion for Summary Judgment.[8] Such a result would be prejudicial to Plaintiff. *See U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1167 (10th Cir. 2009) (concluding that the delay in joining the dispute would prejudice the existing parties where doing so would necessitate the re-opening of discovery and "render[ ] worthless the time and effort [a party] expended on its motion for summary judgment"); *Zurn Constructors, Inc. v. B.F. Goodrich Co.*, 746 F. Supp. 1051, 1055 (D. Kan. 1990) (stating that the "additional discovery or preparation which would be required as a result of the belated addition of new claims is recognized as a source of prejudice justifying denial of a motion to amend"). Although Defendant downplays the significance of this burden, arguing that the prejudice is minimal because the amendments pertain to the same facts as the original Counterclaim, the case law cited by Defendant simply does not contradict this Court's conclusion that permitting an amendment at this stage of the proceedings would unnecessarily burden Plaintiff and this Court. *See Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (finding no abuse of discretion in court's decision to *grant* amendment where the non-moving party received notice and opportunity to respond to the new defense and where the defense "*did not raise new issues requiring substantial discovery*" (emphasis added)); *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) (reversing denial of a *timely* amendment, and recognizing that, where "an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend").[9]

---

[8] Dkt. No. 59.

[9] In *Minter*, the third case cited by Defendant to refute Plaintiff's claims of prejudice, the plaintiff had a good excuse for the delay in seeking to amend, "especially in light of the defendant's own

9

### III.  CONCLUSION

For the reasons discussed above, the Court finds that Defendant has failed to provide an adequate explanation for the extensive delay between the filing of its original Counterclaim and its Motion to Amend.  This alone justifies denial of Defendant's Motion.  *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993).  The Court further finds that reopening discovery would prejudice Plaintiff.  *Lockheed Martin Corp.*, 558 F.3d at 1167.  These three factors, taken together, justify the denial of Defendant's Motion.[10]  Accordingly, Defendant's Motion for Leave to Amend [Dkt. No. 118] is DENIED.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Amend Counterclaim [Dkt. No. 118] is DENIED.

Dated this 18th day of December 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

dilatoriness in waiting until discovery was closed . . . to spring the fact that it was changing its position regarding a key fact in the case."  451 F.3d at 1208.  The facts of that case, where the burden fell largely upon the party that failed to timely disclose a key fact, are materially different than the facts presented here.  *Id.*

[10] Given this finding, it is not necessary for the Court to consider whether the amendment to the pleadings would be futile.